FILED
John E. Triplett, Acting Clerk
United States District Court

By CAxbell at 1:05 pm, Jun 30, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CHARLES LLANES,

                 Petitioner,

        v.

TRACY JOHNS,

               Respondent.

CIVIL ACTION NO.: 5:19-cv-69

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Llanes ("Llanes"), who was formerly incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, Llanes filed a Response, Respondent filed a Reply, and Llanes filed a Surreply.  Docs. 8, 14, 15, 16.  For the reasons which follow, I **RECOMMEND** the Court **DENY as moot** Llanes's Petition and Respondent's Motion to Dismiss, doc. 8, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Llanes leave to appeal *in forma pauperis*.[1]

---

[1]      A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Llanes that his suit is due to be dismissed.  As indicated below, Llanes will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's

## BACKGROUND

Llanes was convicted in the Southern District of Florida of two counts of possession of 15 or more unauthorized devices, in violation of 18 U.S.C. § 1028(a)(3), and was sentenced to serve one year in prison on May 23, 2018.  Doc. 1-2 at 17.  He had a projected release date of June 24, 2020, id., and an actual release date of June 17, 2020.  https://www.bop.gov/inmateloc/, search for Number 16937-104, "Llanes, Charles," last accessed June 22, 2020.  Llanes filed this § 2241 Petition to challenge disciplinary hearing proceedings stemming from charges of possession or introduction of a hazardous tool, destroying or disposing of any item during a search, and refusing to obey an order of a staff member and the resulting sanctions.  Doc. 1-2 at 10–11.

Respondent asserts there was no violation of Llanes's due process rights or the Bureau of Prisons' ("BOP") policy, and the Court should dismiss Llanes's Petition.  Doc. 8 at 2.

## DISCUSSION

### I.      Whether Llanes's Petition is Moot

In his Petition, Llanes states his due process rights were violated because he was sanctioned by a non-BOP staff member.  Doc. 1 at 6.  Llanes asserts two incident reports were filed against him based on the same alleged conduct, and the sanctions imposed against him were malicious and greater than what other inmates received.  Doc. 1-1 at 8.  Llanes was sanctioned with a total of 96 days of disallowance of good conduct time, 60 days' disciplinary segregation, suspended 180 days pending clear discipline conduct, and 6 months' loss of commissary, phone,

---

report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

and visitation privileges.  Doc. 1-2 at 11.  Llanes asks this Court to expunge and reverse all sanctions lodged against him and to restore his lost good conduct time.  Doc. 1 at 8.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'"  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "Events which occur subsequent to the filing of a petition may render the matter moot."  Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).  A "'mootness issue quite clearly can be raised *sua sponte*. . . .'"  Id. (quoting Medberry

3

v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003), in turn quoting Sannon v. United States, 631 F.2d 1247, 1250 (5th Cir. 1980))).

Here, Llanes requests expungement and reversal of all sanctions lodged against him and the restoration of his lost good conduct time.  Doc. 1 at 8.  However, Llanes was released from BOP custody during the pendency of this Petition, and the Court raises the issue of the mootness of Llanes's Petition sua sponte.  There is no longer a "live controversy" over which the Court can give meaningful relief.  Friends of Everglades, 570 F.3d at 1216.  Accordingly, the Court should **DENY as moot** Llanes's Petition for Writ of Habeas Corpus and Respondent's Motion to Dismiss.[2]

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Llanes leave to appeal *in forma pauperis*.  Though Llanes has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

---

[2]      In his own filings, Llanes alerted the Court to his projected release date.  Doc. 1-2 at 17.  The Court investigated whether Llanes was still incarcerated, given his projected release date and the date of this Report and Recommendation.  Despite his release, Llanes has not informed the Court of any change of address, which provides a separate reason for the dismissal of Llanes' Petition for his failure to follow a Court Order.  Doc. 3 at 2 ("Petitioner is cautioned that, while this action is pending, he shall immediately inform this Court in writing of any change of address.  Failure to do so will result in dismissal of this case.") (emphasis omitted).  Additionally, Llanes would not be entitled to his requested relief because non-BOP staff may impose sanctions since the BOP retains "final decision-making authority."  R. & R., Caraballo-Rodriguez v. Pugh, 3:04-cv-81 (S.D. Ga. Mar. 23, 2005) (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)), ECF No. 12, *adopted by* ECF No. 15 (June 13, 2005).  In addition, Llanes's due process rights were not violated through the disciplinary hearing process, as he received notice of the hearing, he had the opportunity to call witnesses and present evidence, he was given a copy of the disciplinary hearing officer's ("DHO") decision, and the DHO's decision was supported by some evidence.  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985); O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974)); Doc. 1-2 at 9–15.

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Llanes's filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Llanes *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Llanes's § 2241 Petition and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Llanes leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C.

§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of June, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA